IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| **Lionel Hinson**, <br><br> Plaintiff, <br><br> v. <br><br> **1010 Carpenters Way Operations, LLC**, and **CMC II, LLC**, <br><br><br> Defendant | Civil Action <br><br> Case No: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **Lionel Hinson** ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, sues Defendants **1010 Carpenters Way Operations, LLC**, and **CMC II, LLC**, each a Florida limited liability company, and states as follows:

JURISDICTION

1. Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act. This Court has supplemental jurisdiction over Counts IV and V of this Complaint pursuant to 28 U.S.C. § 1367. The causes of action these counts form part of the same case or controversy as the claims in Counts I, II, and III.

PARTIES

2. Defendants operate a nursing home known as Wedgewood Healthcare Center at 1010 Carpenters Way, Lakeland, Florida (hereinafter "Wedgewood").

3. Defendant 1010 Carpenters Way Operations, LLC ("1010 CWO") is the operator of Wedgewood.

4. Defendant CMC II, LLC ("CMC II") is a management company that manages the operations of Wedgewood.

5. At all material times, Defendant 1010 CWO was a Florida limited liability company with its principal place of business in Polk County, Florida.

6. At all material times, Defendant CMC II was a Florida limited liability company with its principal place of business in Polk County, Florida.

7. At all material times, Defendant 1010 CWO performed activities in connection with the operation of an institution (Wedgewood) primarily engaged in the care of the sick, aged, mentally ill, or defective who reside on the premises.

8. At all material times, Defendant CMC II performed activities in connection with the operation of an institution (Wedgewood) primarily engaged in the care of the sick, aged, mentally ill, or defective who reside on the premises.

9. At all material times, Defendant 1010 CWO had annual dollar volume of sales or business done of at least $500,000.

10. At all material times, Defendant CMC II had annual dollar volume of sales or business done of at least $500,000.

11. At all material times, Defendant 1010 CWO had "employees engaged in commerce" or, alternatively, "working on goods or materials that have been moved in or produced for commerce" as defined by the FLSA.

12. At all material times, Defendant CMC II had "employees engaged in commerce" or, alternatively, "working on goods or materials that have been moved in or produced for commerce" as defined by the FLSA.

13. At all material times, Defendant 1010 CWO was an "enterprise engaged in commerce" as defined by the FLSA.

14. At all material times, Defendant CMC II was an "enterprise engaged in commerce" as defined by the FLSA.

15. At all material times, Defendant 1010 CWO was an "employer" of Plaintiff Hinson as defined by the FLSA.

16. At all material times, Defendant CMC II was an "employer" of Plaintiff Hinson as defined by the FLSA.

17. At all material times, Defendants 1010 CWO and CMC II were operated for a common business purpose. That purpose was the operation of Wedgewood.

18. At all material times, Defendants 1010 CWO and CMC II formed a single "enterprise" as defined by the FLSA.

19. During the time period at issue in this lawsuit, Defendants both had operational control of Wedgewood Healthcare Center's day-to-day nursing functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

20. At all material times, the Plaintiff was, and continues to be, a resident of Polk County, Florida.

### FACTS COMMON TO MULTIPLE COUNTS

21. Plaintiff was employed at Wedgewood by Defendants in part as a nursing unit manager.

22. He was hired on or about October 19, 2017. He was fired on or about August 15, 2018.

23. Defendants classified Plaintiff as an "exempt" employee under the FLSA.

24. When he was hired, he was informed that his regular schedule would be 40 hours per week, with his hours generally being 8am to 4pm, 5 days a week.

25. At the time of his hire until approximately the end of calendar year 2017, Defendants utilized the services of staffing agencies to fill nursing shortages or to cover shifts for nurses who called out.

26. Beginning in approximately January, 2018, Defendants stopped using the services of staffing agencies to cover nursing shifts.

27. Beginning in approximately January, 2018, Defendants required Plaintiff Hinson to cover multiple night and weekend shifts each week as a regular floor nurse, in addition to his regular shifts as a unit manager.

28. Plaintiff's supervisor told him that he would be paid additional compensation for the extra shifts. He agreed to take on the extra shifts in exchange for the additional compensation.

29. While performing extra shifts as a floor nurse, Plaintiff Hinson did not perform duties that would qualify him for any exemption from the overtime requirements of the FLSA.

30. As a result of the extra shifts, beginning in January, 2019, Plaintiff worked for Defendants in excess of forty hours within a work week in most work weeks.

31. Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty hours in a single work week.

32. If fact, during the vast majority of weeks, Defendants did not compensate plaintiff at all for his extra shifts as a floor nurse.

33. Plaintiff has retained Bloodworth Law, PLLC, to represent him in this litigation and has agreed to pay a reasonable fee for the firm's services.

## Count I – Recovery of Minimum Wage and Overtime Compensation

34. Plaintiff restates the allegations of paragraphs 1 through 33, above.

35. The Defendants have violated the FLSA by:

   a. Failing to compensate Plaintiff at least minimum wage for his extra shifts;

   b. Failing to compensate Plaintiff at one and on-half times her regular rate for all hours worked in excess of forty hours per week performing non-exempt duties;

   c. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

36. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked in excess of forty hours per week.

39. Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

40. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

### COUNT II – DECLARATORY JUDGMENT

41. Plaintiff restates the allegations of paragraphs 1 through 33, above.

42. Plaintiff and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

43. This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

44. The Defendants have violated the FLSA by:

      a. Failing to compensate Plaintiff at least minimum wage for his extra shifts;

      b. Failing to compensate Plaintiff at one and on-half times his regular rate for all hours worked in excess of forty hours per week;

      c. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

45. Plaintiff is entitled to declaratory relief.

46. Plaintiff is entitled to overtime compensation.

47. Plaintiff is entitled to an equal amount of liquidated damages.

48. It is in the public interest to have these declarations of rights recorded.

49. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

50. The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

51. At all material times, Defendants failed to comply with the FLSA with respect to all other nurses who worked in excess of forty hours a week and who were not paid one and one-half times their regular rate of overtime pay. These employees are entitled to similar relief.

### Count III – FLSA Retaliation

52. Plaintiff restates the allegations of paragraphs 1 through 33, above.

53. This is a cause of action for breach of a written contract pursuant to Florida state law.

54. Defendants fired Plaintiff in retaliation for complaining about having to work unpaid overtime in violation of the FLSA.

6

55. Plaintiff has been damaged as a result.

### Count IV – Breach of Contract – Sign On Bonus

56. Plaintiff restates the allegations of paragraphs 1 through 33, above.

57. This is a cause of action for breach of a written contract pursuant to Florida state law.

58. On October 19, 2017, as a material inducement for Plaintiff to begin employment, Plaintiff and Defendants entered into a contract whereby Plaintiff would be entitled to receive a sign-on bonus of $1500 after 90 das of employment, $1500 after 6 months, $1500 after 9 months, and $1500 after one year.

59. To memorialize their agreement, Plaintiff and Defendants executed a Sign On & Referral Bonus Program Memo of Understanding. A copy of this Agreement is attached as Exhibit A.

60. Defendants failed to pay Plaintiff any of the installments, in violation of the agreement.

61. Plaintiff has been damaged as a result.

### Count V – Breach of Contract – Oral Agreement

62. Plaintiff restates the allegations of paragraphs 1 through 33, above.

63. This is a cause of action for breach of an oral contract pursuant to Florida state law.

64. In approximately January, 2018, Defendants told Plaintiff that, in consideration for his willingness to cover extra shifts, he would be compensated on an hourly basis at the rate of $25/hour for extra night and weekend shifts that he worked as a floor nurse.

65. Plaintiff agreed to these terms, forming a binding contract whereby Defendants agreed to pay Plaintiff $25/hour for extra shifts worked.

66. At Defendants' request, Plaintiff worked extra shifts from January, 2018 until his termination in October, 2018.

67. With the exception of a single week in April, 2018, Defendants failed to compensate Plaintiff for these shifts.

68. Defendant has been damaged as a result.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due for all extra shifts worked in excess of forty hours per work week;

    c. Awarding Plaintiff and those similarly situated liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff and those similarly situated reasonable attorney's fees and costs and expenses of litigation pursuant to 29 U.S.C. sec. 216(b);

    e. Awarding Plaintiff unpaid sign on bonus amounts owed;

    f. Awarding Plaintiff $25/hour unpaid contractual sums due for extra shifts worked;

    g. Awarding Plaintiff and those similarly situated pre- and post-judgment interest; and

   h. Ordering any further relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted February 6, 2020.

          _____
          J. Kemp Brinson
          Fla. Bar No. 752541
          BLOODWORTH LAW, PLLC
          801 N. Magnolia Ave. Suite 216
          Orlando, FL 32803
          407-777-8541
          KBrinson@LawyerFightsForYou.com
          CAcedo@LawyerFightsForYou.com
          Trial Counsel for Plaintiff, Lionel Hinson

# Sign On & Referral Bonus Program
## Memo of Understanding
### Registered Nurses, Licensed Practical Nurses & Certified Nursing Assistants

__WEDGEWOOD__ Care Center has established a Sign on & Referral Bonus for full time Registered Nurses, Licensed Practical Nurses, or Certified Nursing Assistants effective date __10/19/2017__.

You must meet the following qualifications and requirements in order to be eligible for the Sign on Bonus:

**Qualifications for applicant:**
- Current valid license
- Eligible for employment upon hire
- Meet and maintain all minimum job requirements as per job description

**Requirements:**
- Maintain a full time status work schedule for entire bonus payout period
- Maintain satisfactory attendance for entire bonus payout period (must have less than three (3) absences and/or tardies).
- Meet and maintain satisfactory job performance during entire bonus payout period
- Meet and maintain adherence to all Consulate Rules of Conduct during the entire bonus payout period; any infraction or disciplinary action will result in forfeiture of the bonus.

**Amount of Bonus:** $ __6K__ (Enter amount *your* Care Center was approved by RVPO) to be included in pay check on a regular basis and therefore subject to all statutory deductions.

**Payout Procedure:** (Break down in even payments, unless otherwise approved) Payouts will be made the first pay period after each tenure milestone.

- $ __1500.00__ at the end of the ninety (90) days of employment
- $ __1500.00__ at the end of six (6) months of employment
- $ __1500.00__ at the end of (9) nine months of employment
- $ __1500.00__ at the end of one (1) year of employment

If you meet and agree to the above outlined requirements and qualifications, please indicate with signature below.

_____   __10/19/17__
Employee Signature                 Date

_____   __10/19/17__
Witness                            Date

***Form must be submitted with electronic wage change form in order for the bonus to be processed***

EXHIBIT A