**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LIONEL HINSON,

    Plaintiff,

v.                                                            Case No: 8:20-cv-283-T-24JSS

1010 CARPENTER'S WAY
OPERATIONS, LLC and CMC II, LLC,

    Defendants.

_____

**NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05,**
**ADDITIONAL PROCEDURES FOR FLSA CASES,**
**AND ORDER REQUIRING ELECTRONIC FILING**

Please take notice that, in accordance with Local Rule 3.05, this action is designated as a Track Two Case. Plaintiff is responsible for serving a copy of this notice and any attachment to this notice upon all other parties.

Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case which is based on the **Fair Labor Standards Act** ("FLSA"). Therefore, consistent with the just, speedy and inexpensive administration of justice (Fed. R. Civ. P. 1), it is **ORDERED** that *in addition to* complying with the provisions of Rule 26 (a)(1) and Local Rule 3.05 (c)(2)(B) and (d), the parties must also comply with the following schedule:

(1) No later than fifteen (15) days from the date of service of the complaint on the defendant(s), or the date of this order, whichever occurs later, Plaintiff(s) shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant(s), and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

(2) No later than fifteen (15) days after Plaintiff(s) file(s) Answers to the Court's Interrogatories, Defendant(s) shall serve on Plaintiff(s) and file with the Court a

Verified Summary of all hours worked by Plaintiff(s) during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any. No later than fifteen (15) days after Plaintiff(s) file(s) Answers to the Court's Interrogatories, Defendant(s) shall also serve on Plaintiff(s) (but *not* file) a copy of all time sheets and payroll records that support or relate to the time periods in the Verified Summary.

(3) No later than thirty (30) days after Defendant(s) file(s) the Verified Summary, counsel for Plaintiff(s) and Defendant(s) shall meet and confer in person in a good faith effort to settle all pending issues, including attorneys fees and costs. Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

(4) No later than fourteen (14) days after the settlement conference, counsel shall jointly file either (1) a notice of settlement, or (2) a notice that confirms that the parties have complied with paragraphs (1), (2), and (3) above but have not settled the case.

(5) If the case has not already settled, then no later than 74 days after any Defendant first appears in the case, the parties must file a joint case management report. The parties should utilize the attached Case Management Report form. The parties shall not seek any other discovery prior to the completion of the case management report. The Court acknowledges that this deadline conflicts with the new deadline for issuing scheduling orders set forth in Federal Rule of Civil Procedure 16(b)(2), which became effective on December 1, 2015. However, the Court finds that good cause exists for extending the deadline, because it allows the parties to fully explore settlement before incurring more substantial legal fees litigating the case.

**(6)** **Any motions for conditional certification must be filed no later than 60 days after the Court issues its Case Management and Scheduling Order.**

Effective July 12, 2004, all attorneys appearing before this Court must sign up and use CM/ECF to file and receive documents in all actions pending before this Court no later than 15 days after appearing in an action. After signing up for CM/ECF, counsel must enter an email address into their CM/ECF account at which counsel will receive all Court filings.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of February, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies: Counsel of Record
Attachments:
Court's Interrogatories to Plaintiff(s)
Notice re:   Case Management Report
Notice of Consent to magistrate judge

## COURT'S INTERROGATORIES TO PLAINTIFF(S)

1. During what period of time were you employed by the Defendant(s)?

2. Who was your immediate supervisor?

3. Did you have a regularly scheduled work period? If so, specify.

4. What was your title or position? Briefly describe your job duties.

5. What was your regular rate of pay?

6. Provide an accounting of your claim, including:

    (a) dates

  (b) regular hours worked

  (c) over-time hours worked

  (d) pay received versus pay claimed

  (e) total amount claimed

7. When did you (or our attorney) first complain to your employer about alleged violations of the FLSA?

8. Was this complaint written or oral? (If a written complaint, please attach a copy).

9. What was your employer's response? (If a written response, please attach a copy).

_____
(Plaintiff's Signature)

STATE OF FLORIDA
COUNTY OF _____

BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 20\_\_\_.

NOTARY PUBLIC

Notary Stamp

_____
Signature of Person Taking Acknowledgment
Print Name:
Title: Notary Public
Serial No. (if any):

Commission Expires:

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LIONEL HINSON,

    Plaintiff,

v.                                                                      Case No: 8:20-cv-283-T-24JSS

1010 CARPENTER'S WAY
OPERATIONS, LLC and CMC II, LLC,

    Defendants.

_____

## **NOTICE**

The Court advises the parties of the following:

A.     Most Track 2 cases will be tried within twelve (12) to eighteen (18) months of the filing date. In order to further the prompt resolution of this case, Judge Bucklew encourages the completion of discovery on or before six (6) to eight (8) months after the date of the defendant(s)' first pleading. Parties seeking more than eight (8) months for discovery shall make such request, along with a showing of good cause, in an addendum to the Case Management Report.

B.     A Pretrial Conference will be set ninety (90) days after the dispositive motions deadline. A trial will be scheduled one hundred and twenty (120) days after the dispositive motions deadline.

**C.     MOTIONS FOR EXTENSION OF TIME RARELY WILL BE GRANTED AND ONLY UPON A SHOWING OF GOOD CAUSE.**

                                                                           SUSAN C. BUCKLEW
                                                                           United States District Judge
                                                                           By:    *Charmaine A. Black*
                                                                                    Courtroom Deputy

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LIONEL HINSON,

    Plaintiff,

v.                                                                        Case No: 8:20-cv-283-T-24JSS

1010 CARPENTER'S WAY
OPERATIONS, LLC and CMC II, LLC,

    Defendants.

---

**CASE MANAGEMENT REPORT**

    1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on _____ (date) at _____ (time) (check one) (__) by telephone (or) (__) at _____ (place) and was attended by:

                Name                                          Counsel for (if applicable

    2.    <u>Initial Disclosures</u>:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Fed. R. Civ. P.26(a)(1).[1]

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it

The parties (check one)

_____     have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____ (date).[2]

_____     stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____
_____
_____

_____     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____
_____
_____

3.    Discovery Plan - Plaintiff:  The parties jointly propose the following Plaintiff's discovery plan:

 a.  Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:
(1) Requests for Admission:

Number of Requests for Admission:   Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

---

challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan."  Fed. R. Civ. P. 26(a)(1).  Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order.  See Fed. R. Civ. P. 26(a)(1).

    (2) <u>Written Interrogatories:</u>

Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."   Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

    (3) <u>Requests for Production or Inspection:</u>

    (4) <u>Oral Depositions:</u>

Number of Depositions:   Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."   Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:     Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length<br><u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| | | |

(cont'd)

| <u>Name</u> | Proposed length<br><u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|

   b.  <u>Disclosure of Expert Testimony</u>:   Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

   c.  <u>Supplementation of Disclosures and Responses</u>:   Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

   d.  <u>Completion of Discovery</u>:   Plaintiff will commence all discovery in time for it to be completed on or before _____ (date).

   4.    <u>Discovery Plan - Defendant</u>:   The parties jointly propose the following Defendant's discovery plan:

 a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below.   The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1) <u>Requests for Admission</u>:

   Number of Requests for Admission:   Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).   Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."   Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

(4) <u>Oral Depositions:</u>

Number of Depositions:   Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."   Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:   Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length<br>of Deposition | <u>Grounds</u> |
|---|---|---|
| | | |

 b.  <u>Disclosure of Expert Testimony</u>:   Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

  c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

  d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before _____ (date).

  5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

  6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

  7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be _____.(Note time limit in Local Rule 4.03.)

  8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

  Parties agree that settlement is
\_\_\_\_ likely   (check one)
\_\_\_\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
\_\_\_\_yes  \_\_\_\_no  \_\_\_\_likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction</u>:   The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  <u>See</u> 28 U.S.C. § 636.   Form is attached.

     yes   _____no   _____likely to agree in future

10. <u>Preliminary Pretrial Conference</u>:   Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:   Parties
  \_\_\_\_\_request (check one)
  \_\_\_\_\_do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.   Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>:   Parties agree that they will be ready for a final pretrial conference on or after _____(date) and for trial on or after _____ (date).   This **Jury** \_\_\_\_\_ **Non-Jury** \_\_\_\_\_ trial is expected to take approximately \_\_\_\_\_ hours.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>:   Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other Matters</u>:

                               Date:

                               Signature of Counsel (with information
                               required by Local Rule 1.05(d)) and
                               Signature of Unrepresented Parties

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

With the parties' consent, a district judge under 28 U.S.C. § 636(c) can refer any civil matter to a magistrate judge for any or all proceedings, including the resolution of any motion, a jury or non-jury trial, and entry of final judgment. Although the same law, rules, and procedure govern before both the district judge and the magistrate judge, reference to the magistrate judge often results in an earlier and more reliable trial date (a magistrate judge's trial calendar need not accommodate criminal trials, which are subject to the requirement of constitutional and statutory "speedy trial"). A final judgment entered by the magistrate judge is appealable directly to the United States Court of Appeals.

The parties can formalize consent to the magistrate judge on an AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," a copy of which is attached. Consent requires the signature of each party's counsel and the signature of any unrepresented party. The district judges of the Middle District of Florida request that each party and each counsel carefully consider the benefits to the public, to the court, and to the parties of consent to proceed before the magistrate judge. Of course, consent is entirely voluntary, and — without any adverse substantive consequence — a party for any reason can withhold consent and continue the action before the district judge.

_____
Steven D. Merryday
Chief United States District Judge

_____
Virginia M. Hernandez Covington
United States District Judge

_____
Mary S. Scriven
United States District Judge

_____
Roy B. Dalton, Jr.
United States District Judge

_____
Brian J. Davis
United States District Judge

_____
Carlos E. Mendoza
United States District Judge

_____
Thomas P. Barber
United States District Judge

_____
Timothy J. Corrigan
United States District Judge

_____
Marcia Morales Howard
United States District Judge

_____
Charlene Edwards Honeywell
United States District Judge

_____
Sheri Polster Chappell
United States District Judge

_____
Paul G. Byron
United States District Judge

_____
William F. Jung
United States District Judge

_____
Wendy W. Berger
United States District Judge

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LIONEL HINSON,

    Plaintiff,

v.                                                      Case No: 8:20-cv-283-T-24JSS

1010 CARPENTER'S WAY
OPERATIONS, LLC and CMC II, LLC,

    Defendants.

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case,

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**REFERENCE ORDER**

IT IS **ORDERED** that this case be referred to a UNITED STATES MAGISTRATE JUDGE for all further proceedings and order the entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73.

| DATE | SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE |
|---|---|

**NOTE:** RETURN THIS FORM TO THE CLERK OF COURT ONLY IF YOU ARE CONSENTING TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE. DO NOT RETURN THIS FORM TO A JUDGE.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LIONEL HINSON,

    Plaintiff,

v.                                                    Case No: 8:20-cv-283-T-24JSS

1010 CARPENTER'S WAY OPERATIONS, LLC and
CMC II, LLC,

    Defendants.
_____

**NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.* The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below (*identify each motion by document number and title*).

    **MOTION(S)**     _____

                              _____

| Printed names of parties and attorneys | Signature of parties or attorneys | Date |
|---|---|---|
| | | |
| | | |
| | | |

**REFERENCE ORDER**

    **IT IS ORDERED:** The motions are referred to the United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

_____                                      _____
    Date                                                                          SUSAN C. BUCKLEW
                                                                                UNITED STATES DISTRICT JUDGE

NOTE:    RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** YOU ARE CONSENTING TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE. DO NOT RETURN THIS FORM TO A JUDGE.