UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LIONEL HINSON,**

    **Plaintiff,**

v.                                     Civil Action No.:  8:20-cv-283-T-24JSS

**1010 CARPENTERS WAY OPERATIONS,
LLC, and CMC II, LLC,**

    **Defendant.**

_____/

**DEFENDANTS' ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, 1010 Carpenters Way Operations, LLC, d/b/a Wedgewood Healthcare Center ("Wedgewood") and CMC II, LLC (collectively, "Defendants"), answers and files its defenses to the complaint filed by Plaintiff, Lionel Hinson ("Plaintiff"), and says:

1. Defendants admit the propriety of this Court's jurisdiction.

2. Defendants deny the allegation contained in paragraph 2 of the complaint as the Defendants do not both operate the skilled nursing facility known as 1010 Carpenters Way Operations, LLC, d/b/a Wedgewood Healthcare Center.

3. Defendant Wedgewood admits that its legal name is 1010 Carpenters Way Operations, LLC.

4. Defendant CMC II, LLC admits it provides some management services to Defendant Wedgewood but denies the remaining allegations contained in paragraph 4 of the complaint.

5. Defendant Wedgewood admits the allegations contained in paragraph 5 of the complaint.

6. Defendant CMC II, LLC denies the allegations contained in paragraph 6 of the complaint.

7. Defendant Wedgewood admits the allegations contained in paragraph 7 of the complaint.

8. Defendant CMC II, LLC denies the allegations contained in paragraph 8 of the complaint.

9. Defendant Wedgewood admits that it is an employer subject to the requirements of the FLSA, but denies the remaining allegations contained in paragraph 9 of the complaint.

10. Defendant CMC II, LLC admits that it is an employer subject to the requirements of the FLSA, but denies the remaining allegations contained in paragraph 9 of the complaint.

11. Defendant Wedgewood admits that it is an employer subject to the requirements of the FLSA.

12. Defendant CMC II, LLC admits that it is an employer subject to the requirements of the FLSA, but denies employing Plaintiff.

13. Defendant Wedgewood admits that it is an employer subject to the requirements of the FLSA.

14. Defendant CMC II, LLC admits that it is an employer subject to the requirements of the FLSA. Defendant CMC II, LLC denies employing Plaintiff.

15. Defendant Wedgewood admits that it employed Plaintiff, and is subject to the requirements of the FLSA.

16. Defendant CMC II, LLC denies the allegations contained in paragraph 16 of the complaint.

17. Defendants deny the allegations contained in paragraph 17 of the complaint.

18. Defendants deny the allegations contained in paragraph 18 of the complaint.

19. Defendants deny the allegations contained in paragraph 19 of the complaint.

20. Defendant is without knowledge as to Plaintiff's residency.

21. Defendants admit Plaintiff was employed by Defendant Wedgewood but deny the remaining allegations contained in paragraph 21 of the complaint.

22. Defendants are without knowledge as to the meaning of the use of the pronoun "he" as stated in paragraph 22 of the complaint. Defendant denies the remaining allegations contained in paragraph 22 of the complaint.

23. Defendant Wedgewood denies Plaintiff was classified as "exempt" under the FLSA for the entirety of his employment. Defendant CMC II, LLC denies the allegations contained in paragraph 23 of the complaint.

24. Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Defendant Wedgewood admits to the use of agency nursing staff during Plaintiff's employment. Defendant CMC II, LLC denies that is responsible for the staffing of Wedgewood.

26. Defendant Wedgewood admits to ceasing the use of agency nursing staff in January 2018. Defendant CMC II, LLC denies that is responsible for the staffing of Wedgewood.

27. Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Defendants deny making an enforceable promise to Plaintiff. Defendants are without knowledge as to Plaintiff's intentions for working particular shifts.

29. Defendants deny the allegations contained in paragraph 29 of the complaint.

30. Defendants deny the allegations contained in paragraph 30 of the complaint.

31. Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Defendants admit the firm of Bloodworth Law, PLLC, is named on complaint in this case. Defendants are without knowledge of whether Plaintiff has retained counsel to represent him in this cause. Defendants are without knowledge of whether Plaintiff is obligated to pay his counsel a fee for his services.

### COUNT I – RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION

34. In response to paragraph 34 of the complaint, Defendants restate their responses to paragraphs 1-33 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 and subparagraphs a-c of the complaint.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Defendants deny the allegations contained in paragraph 39 of the complaint.

40. Defendants deny the allegations contained in paragraph 40 of the complaint.

### COUNT II – DECLARATORY JUDGMENT

41. In response to paragraph 41 of the complaint, Defendants restate their responses to paragraphs 1-33 of the complaint.

42. Defendants admit the allegations contained in paragraph 42 of the complaint.

43. Defendants admit the Court's jurisdiction over claims brought pursuant to the Declaratory Judgment Act, but deny the Act's applicability here and further deny Plaintiff is entitled to relief under the Act.

44. Defendants deny the allegations contained in paragraph 44 of the complaint, and the subparagraphs a-c.

45. Defendants deny that Plaintiff is entitled to any relief in this action.

46. Defendants deny the allegation contained in paragraph 46 of the complaint.

47. Defendants deny the allegation contained in paragraph 47 of the complaint.

48. Defendants deny the allegation contained in paragraph 48 of the complaint.

49. Defendants deny the allegation contained in paragraph 49 of the complaint.

50. Defendants deny the allegation contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint, and further deny that there are any other employees with respect to whom Defendants have violated the FLSA.  Defendants further deny that this action is being brought on behalf of anyone other than the named Plaintiff himself.

## COUNT III – FLSA RETALIATION

52. In response to paragraph 52 of the complaint, Defendants restate their responses to paragraphs 1-33 of the complaint.

53. Defendants deny this count is for breach of a written contract pursuant to Florida law as alleged in paragraph 53 of the complaint.

54. Defendants deny the allegations contained in paragraph 54 of the complaint.

55. Defendants deny the allegations contained in paragraph 55 of the complaint.

## COUNT IV – BREACH OF CONTRACT – SIGN ON BONUS

56. In response to paragraph 56 of the complaint, Defendants restate their responses to paragraphs 1-33 of the complaint.

57. Defendants admit Plaintiff has brought an action pursuant to alleged breach of a written contract pursuant to Florida law.

58. Defendants deny the allegations contained in paragraph 58 of the complaint.

59. Defendant Wedgewood admits that it entered into the agreement marked as Exhibit A to the complaint with Plaintiff. Defendant CMC II, LLC denies entering into the agreement marked as Exhibit A to the complaint with Plaintiff.

60. Defendants deny the allegations contained in paragraph 60 of the complaint.

61. Defendants deny the allegations contained in paragraph 61 of the complaint.

## COUNT V – BREACH OF CONTRACT – ORAL AGREEMENT

62. In response to paragraph 62 of the complaint, Defendants restate their responses to paragraphs 1-33 of the complaint.

63. Defendants admit Plaintiff has brought an action pursuant to alleged breach of an oral contract pursuant to Florida law.

64. Defendant CMC II, LLC denies the allegations contained in paragraph 64 of the complaint. Defendant Wedgewood admits to discussing an hourly rate with Plaintiff, but denies the inference or allegation that a binding contract for such a rate was formed.

65. Defendants deny forming a binding contract with Plaintiff as alleged in paragraph 65 of the complaint.

66. Defendants deny the allegations contained in paragraph 66 of the complaint.

67. Defendants deny the allegations contained in paragraph 67 of the complaint

68. Defendants deny the allegations contained in paragraph 68 of the complaint.

Defendants deny all allegations contained in or inferred by the wherefore clause contained in Plaintiff's complaint, including subsections a-h.

**DEFENSES**

1.  <u>First Defense</u>:  Defendant at all times acted in good faith and with reasonable grounds for believing that its actions did not violate the Fair Labor Standards Act, and therefore, it should not be held liable for liquidated damages under 29 U.S.C. § 260.

2.  <u>Second Defense</u>: Defendants' conduct was not willful or reckless, and therefore, Plaintiff is not entitled to a three-year statute of limitations under 29 U.S.C. § 255(a).

3.  <u>Third Defense</u>: To the extent that Plaintiff is asserting a claim based upon work performed outside the applicable statute of limitations under 29 U.S.C. § 255, such a claim is barred.

4.  <u>Fourth Defense</u>:  Plaintiff has a duty to utilize reasonable diligence to secure comparable employment elsewhere.  To the extent that Plaintiff has earned income from employment or has not earned income due to his failure to use diligence in seeking employment, Defendant cannot be held liable to Plaintiff for such sums that he did or could have earned.

5.  <u>Fifth Defense</u>:  Any recovery by Plaintiff should be cut off as of the date on which his employer learned of additional, previously unknown conduct by Plaintiff during his employment that clearly provides cause for Plaintiff's termination.

6.  <u>Sixth Defense</u>:  To the extent that the conduct of which Plaintiff complains falls outside the applicable statutes of limitation, Plaintiff is not entitled to relief.

7.  <u>Seventh Defense</u>:  To the extent that Plaintiff has failed to exhaust his administrative remedies, he is not entitled to relief.

8. <u>Eighth Defense</u>:  Defendant CMC II, LLC asserts that it was never Plaintiff's employer and therefore, is not a proper defendant in this action.

9. <u>Ninth Defense</u>: To the extent a contract existed between Plaintiff and either Defendant, Plaintiff freely and knowingly accepted all action and inaction by Defendants with respect to any agreements made, and therefore, Plaintiff waived his right to assert a breach of such contract.

10. <u>Tenth Defense</u>: Plaintiff is not entitled to any damages under the Fair Labor Standards Act because he was compensated properly for all hours worked.

11. <u>Eleventh Defense</u>: Plaintiff is not entitled to any damages for overtime pay under the Fair Labor Standards Act because he was properly classified as exempt at all times material hereto.

WHEREFORE, having answered the complaint, Defendants pray that judgment be entered in their favor and that the Court award them the costs incurred in defending this action, including their reasonable attorneys' fees, court costs, and expenses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF, which will send an electronic notice of filing, on this 9th day of March, 2020, to the following:

J. Kemp Brinson
Bloodworth Law, PLLC
801 North Magnolia Avenue
Suite 216
Orlando, Florida 32803
Telephone: (407) 777-8541
KBrinson@LawyerFightsForYou.com
CAcedo@LawyerFightsForYou.com

        Respectfully submitted,

        /s/ Laura C. Datz
        Laura C. Datz
        Florida Bar No.: 91386
        laura.c.datz@consulatehc.com
        Office of General Counsel
        Consulate Health Care
        5102 West Laurel Street
        Suite 700
        Tampa, Florida 33607
        Telephone: (813) 769-6280
        Facsimile: (813) 769-6281
        Attorney for Defendants